**Exhibit 1**

Jen-Feng Lee , SBN 204328
jfOCM @ltpacificlaw.com
Kenneth K. Tanji, Jr., SBN 162273
ktanji@ltpacificlaw.com
**LT Pacific Law Group, LLP**
17800 Castleton Street, #560
City of Industry, CA 91748
T: 626-810-7200
F: 626-810-7300

Attorneys for Plaintiff
OCM GROUP USA INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCM GROUP USA INC.<br><br>    Plaintiff,<br><br>    vs.<br><br>LIN'S WAHA INTERNATIONAL CORP, a New York corporation; and DOES 1 - 10,<br><br>    Defendants. | Case No. 2:19-CV-08917-VAP (KSx)<br><br>**PLAINTIFF OCM GROUP USA, INC'S RESPONSE DEFENDANT LIN'S WAHA INTERNATIONAL CORP'S REQUEST FOR PRODUCTION OF DOCUMENTS [SET ONE]** |

PROPOUNDING PARTY:        Defendant Lin's Waha International Corp.

RESPONDING PARTY:        Plaintiff OCM Group USA, Inc.

SET NUMBER:        ONE

---

Plaintiff OCM Group USA, Inc. ("OCM"), via counsel, hereby responds and objects to the REQUEST FOR PRODUCTION OF DOCUMENTS [SET ONE] propounded by Defendant Lin's Waha International Corp. ("DEFENDANT").

## **RESERVATION OF RIGHTS**

OCM makes the objections herein (collectively, the "Objections") based on its interpretation and understanding of the Requests and based on its current knowledge, understanding, and belief as to the facts and information available to OCM as of the date of the Objections.  If DEFENDANT subsequently assert an interpretation of any Request that differs from OCM's understanding, OCM reserves the right to complete its investigation and discovery of the facts, and to rely at trial or in other proceedings on documents, regardless of whether such information is newly discovered or newly in existence.  The Objections shall not constitute an admission by OCM that any of the Requests, any of the Objections, or any documents or things produced in connection therewith, are admissible as evidence in any trial or other proceeding.  OCM reserves the right to object on any grounds, at any time, to the admission of any request or any objection, response, or any document or thing produced in connection therewith in any such trial or other proceeding.   Additional discovery and investigation may lead to additions to, changes in, or modifications of these Objections.   Therefore, these Objections are provided without prejudice to OCM's right to revise, amend, correct, supplement, modify, or clarify its discovery responses to the extent required by Fed. R. Civ. P. 26(e).

OCM does not waive any objection, nor any claim of privilege or immunity, whether expressly asserted or not, by providing any information or identifying any document or thing in response to any Request.  The inadvertent disclosure of such information, or the inadvertent identification or production of such a document, shall not constitute a waiver of any applicable privilege or immunity as to that document or any other document identified or produced by OCM.  All objections as to privilege,

1  Objections, burdensome, assumed facts, overly broad, calling for legal conclusion,
2  relevancy, trade secret, discovery ongoing, vague. Subject to said objections,
3  Defendant responds: please see marketing-expense and marketing-materials folders.
4
5
6  **REQUEST FOR PRODUCTION NO. 11:**
7  All DOCUMENTS reflecting the sale or purchase of products from customers bearing
8  the XIANGPIAOPIAO TRADEMARK from January 2018 to the present.
9
10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**
11 Objections, burdensome, assumed facts, overly broad, calling for legal conclusion,
12 relevancy, trade secret, discovery ongoing, vague. Subject to said objections, Plaintiff
13 responds: the actual sales or purchase of products from customers is irrelevant to the
14 disputed issue (whether OCM has the exclusive license to the trademarks). Some of the
15 sales transactions are provided in the marketing-expense folders.
16
17
18 **REQUEST FOR PRODUCTION NO. 12:**
19 All DOCUMENTS reflecting the sale or purchase of products from customers bearing
20 the MECO TRADEMARK from January 2018 to the present.
21
22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**
23 Objections, burdensome, assumed facts, overly broad, calling for legal conclusion,
24 relevancy, trade secret, discovery ongoing, vague. Subject to said objections,
25 Defendant responds: the actual sales or purchase of products from customers is
26 irrelevant to the disputed issue (whether OCM has the exclusive license to the
27 trademarks). Some of the sales transactions are provided in marketing-expense folder.
28

---

OCM'S RESPONSE TO REQUESTS FOR PRODUCTION, SET ONE

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS reflecting the sale or purchase of products from customers bearing the LAN FONG YUEN TRADEMARK from January 2018 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Objections, burdensome, assumed facts, overly broad, calling for legal conclusion, relevancy, trade secret, discovery ongoing, vague. Subject to said objections, Defendant responds: the actual sales or purchase of products from customers is irrelevant to the disputed issue (whether OCM has the exclusive license to the trademarks). Some of the sales transactions are provided in marketing-expense folder.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS reflecting YOUR sales of products bearing the XIANGPIAOPIAO TRADEMARK from January 2018 to the present, including the names of the purchasers of such products, their location, the volume/amount of such sales, and the total dollar volume/amount of such sales.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Objections, burdensome, assumed facts, overly broad, calling for legal conclusion, relevancy, trade secret, discovery ongoing, vague. Subject to said objections, Plaintiff responds: the actual sales or purchase of products from customers is irrelevant to the disputed issue (whether OCM has the exclusive license to the trademarks). Some of the sales transactions are provided in the marketing-expense folder.

**REQUEST FOR PRODUCTION NO. 15:**

1  All DOCUMENTS reflecting YOUR sales of products bearing the MECO
2  TRADEMARK from January 2018 to the present, including the names of the
3  purchasers of such products, their location, the volume/amount of such sales, and the
4  total dollar volume/amount of such sales.
5
6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**
7  Objections, burdensome, assumed facts, overly broad, calling for legal conclusion,
8  relevancy, trade secret, discovery ongoing, vague. Subject to said objections,
9  Defendant responds: the actual sales or purchase of products from customers is
10  irrelevant to the disputed issue (whether OCM has the exclusive license to the
11  trademarks). Some of the sales transactions are provided in the marketing-expense
12  folder.
13
14
15  **REQUEST FOR PRODUCTION NO. 16:**
16  All DOCUMENTS reflecting YOUR sales of products bearing the LAN FONG YUEN
17  TRADEMARK from January 2018 to the present, including the names of the
18  purchasers of such products, their location, the volume/amount of such sales, and the
19  total dollar volume/amount of such sales.
20
21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**
22  Objections, burdensome, assumed facts, overly broad, calling for legal conclusion,
23  relevancy, trade secret, discovery ongoing, vague. Subject to said objections, Plaintiff
24  responds: the actual sales or purchase of products from customers is irrelevant to the
25  disputed issue (whether OCM has the exclusive license to the trademarks). Some of the
26  sales transactions are provided in the marketing-expense folder.
27
28

OCM'S RESPONSE TO REQUESTS FOR PRODUCTION, SET ONE

13

**011**

1  infringing products. Defendant currently has no expert opinion(s) to evaluate loss of

2  goodwill and revenue.

3

4

5  **REQUEST FOR PRODUCTION NO. 22:**

6  DOCUMENTS sufficient to identify the "loss of goodwill" and/or "loss of revenue"

7  that YOU alleged in paragraph 17 of YOUR COMPLAINT.

8

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

10  Objections, burdensome, assumed facts, overly broad, calling for legal conclusion,

11  expert opinion, trade secret, discovery ongoing, vague. Subject to said objections,

12  Plaintiff responds: After the July, 2019 warning letter, Defendant continued to sell

13  infringing products. Defendant currently has no expert opinion(s) to evaluate loss of

14  goodwill and revenue.

15

16

17  **REQUEST FOR PRODUCTION NO. 23:**

18  All DOCUMENTS that support the allegation in paragraph 19 of YOUR

19  COMPLAINT that "[o]n information and belief, Defendant either failed to comply with

20  the necessary certification requirements or presented false certification for certain of

21  the milk products."

22

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

24  Objections, burdensome, assumed facts, overly broad, calling for legal conclusion,

25  relevancy, trade secret, discovery ongoing, vague. Subject to said objections,

26  Plaintiff responds: Plaintiff awaits Defendant's production of such mild product

27  certification in the request for production re USDA raid.

28

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS that support the allegation in paragraph 21 of YOUR COMPLAINT that "[o]n information and belief, from the observable market activities, Plaintiff estimated that it lost over $250,000 and the loss is ongoing."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Objections, burdensome, assumed facts, overly broad, calling for legal conclusion, expert opinion, trade secret, discovery ongoing, vague.

Subject to said objections, Plaintiff responds: Any of the sales of the branded products by Defendant after 7/1/2018 caused loss of revenue and goodwill to Plaintiff. Plaintiff currently has no expert opinion(s) to evaluate loss of goodwill and revenue. Defendant responds:

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS, including COMMUNICATIONS, by and between YOU, on the one hand, and XFHC and/or ZLFYF, on the other hand, RELATING to LW.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objections, burdensome, assumed facts, overly broad, calling for legal conclusion, relevancy, trade secret, discovery ongoing, vague. Subject to said objections, Plaintiff responds: See license/negotiation folder.

**REQUEST FOR PRODUCTION NO. 26:**

DOCUMENTS reflecting payments made by YOU to XFHC and/or ZLFYF pursuant to LOA 1 and/or LOA 2.

**013**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Objections, burdensome, assumed facts, overly broad, calling for legal conclusion, relevancy, trade secret, discovery ongoing, vague. Subject to said objections, Plaintiff responds: Plaintiff pay no consideration (money) for the license/distributorship grant shown in LOA 1 or LOA 2.

**REQUEST FOR PRODUCTION NO. 27:**

DOCUMENTS reflecting the consideration YOU paid to XFHC and/or ZLFYF for the "license" provided in LOA 1 and/or LOA 2.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Objections, burdensome, assumed facts, overly broad, calling for legal conclusion, relevancy, trade secret, discovery ongoing, vague. Subject to said objections, Plaintiff responds: Plaintiff pay no consideration (money) for the license/distributorship grant shown in LOA 1 or LOA 2.

Dated:  8/11/2020

/s/Jen-Feng Lee

Jen-Feng (Jeff) Lee

Attorney for Plaintiff

OCM GROUP

---

OCM'S RESPONSE TO REQUESTS FOR PRODUCTION, SET ONE

18

**014**

**CERTIFICATE OF SERVICE**

I hereby certify that, on 8/11/2020, I served the foregoing documents: **PLAINTIFF OCM GROUP USA, INC'S RESPONSE DEFENDANT LIN'S WAHA INTERNATIONAL CORP'S REQUEST FOR PRODUCTION OF DOCUMENTS [SET ONE]**, by US Mail, postage prepaid, to


  Mr. Brandon J. Witkow
Witkow/Baskin
21031 Ventura Boulevard, Suite 700
Woodland Hills, CA 91364
T: 818-296-9508
E: bw@witkowlaw.com


  I certify under penalty of perjury that the foregoing is true and correct. Executed at City of Industry, California.



Dated: August 11, 2020          /s/ Jen-Feng Lee
                                Jen-Feng Lee