**Exhibit 3**

1  Jen-Feng Lee, SBN 204328
2  jflee@ltpacificlaw.com
   Kenneth K. Tanji, Jr., SBN 162273
3  ktanji@ltpacificlaw.com
   **LT Pacific Law Group, LLP**
4  17800 Castleton Street, #560
5  City of Industry, CA 91748
   T: 626-810-7200
6  F: 626-810-7300
7
   Attorneys for Plaintiff
8  OCM GROUP USA INC.
9

10              **UNITED STATES DISTRICT COURT**
11              **CENTRAL DISTRICT OF CALIFORNIA**
12

| 13 | OCM GROUP USA INC. | Case No. 2:19-CV-08917-VAP (KSx) |
|---|---|---|
| 14 |  |  |
|    | Plaintiff, | **PLAINTIFF OCM GROUP USA,** |
| 15 |  | **INC'S RESPONSE TO DEFENDANT** |
| 16 | vs. | **LIN'S WAHA INTERNATIONAL** |
|    |  | **CORP'S SPECIAL** |
| 17 | LIN'S WAHA INTERNATIONAL | **INTERROGATORIES [SET TWO]** |
|    | CORP, a New York corporation; and |  |
| 18 | DOES 1 - 10, |  |
| 19 |  |  |
| 20 | Defendants. |  |

21
22
23  PROPOUNDING PARTY:    Defendant Lin's Waha International Corp.
24  RESPONDING PARTY:     Plaintiff OCM Group USA, Inc.
25  SET NUMBER:           TWO
26
27
28

---

OCM'S RESPONSE TO SPECIAL INTERROGATORIES, SET TWO

1

**024**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Civil Local Rules of this Court, Plaintiff OCM Group USA, Inc. ("OCM") hereby responds and objects to Defendant Lin's Waha International Corp. ("DEFENDANT") Second Set of Special Interrogatories ("INTERROGATORIES").

## GENERAL OBJECTIONS

OCM states the following general objections to DEFENDANT's Interrogatories, which OCM incorporates as objections to each individual INTERROGATORIES, in addition to the individual objections set forth separately below. OCM's objections, and any subsequent response, are based on the facts presently known to OCM based on a good faith investigation to respond to these interrogatories. OCM reserves the right to supplement or change its objections, and any subsequent response, based on continued discovery and investigation. OCM also reserves the right to object to the use of any responses or the subject matter thereof in this litigation, or in any other proceeding.

1.      OCM objects to DEFENDANT's INTERROGATORIES and the definitions and instructions contained therein to the extent they seek information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common OCM privilege, and/or any other applicable doctrine of privilege or immunity. OCM hereby asserts all such applicable privileges, protections, and immunities. OCM intends to preserve all such privileges to the fullest extent, and any production of protected information or documents in response to these INTERROGATORY shall be deemed inadvertent and shall not waive those privileges, protections, or immunities.

2.      OCM objects to DEFENDANT's INTERROGATORIES and the definitions and

**INTERROGATORY NO. 5:**

Identify the meaning of the column headings on OCM 0001, and the documents (by bates number) used prepare the figures contained in this document.

**RESPONSE TO INTERROGATORY NO. 5:**

Objections, burdensome, vague. Subject to said objection, OCM responds:

**Description**: shows the name of the products. Defendant's production shows that Lin's Waha sold 9 different products (as summarized in LW-0036).

**Cost/CTN**: shows OCM's COGS (Cost Of Goods Sold) per carton, in RMB currency.

Conversion: shows the COGS based upon the conversion rate between US Dollar and RMB on day of response.

**Sold**: shows the sales price in US Dollar

**OCM Profit/Ctn**: shows OCM's profit per carton, based upon the calculation

OCM Extended Profit: shows OCM's profit on that particular product in the amount sold

**LW0036**: shows the corresponding amount of sales (for that product in this entry) stated in LW0036.

OCM's purchase invoices and sales invoices for the 9 products, in OCM-0002 – 0005, provided the basis for the calculation reflected in OCM-0001.

Since OCM purchased the 9 products directly from the supplier and in larger quantities (whereas Lin's Waha purchased from a middleman business (Lin's Waha disclosed the identity of said middleman business in LW-0014), OCM obtained better profit margin on the 9 products, if the same amount of products were sold by OCM. The $82,666.59

---

1  is the calculated number of lost profit calculated based upon the real purchase invoices
2  and sales invoices.
3
4
5  **INTERROGATORY NO. 6:**
6  Identify YOUR sales of products bearing the TRADEMARKS AT ISSUE to any
7  of the vendors, customers, markets and/or companies listed on LW0015-
8  LW0035, including the names of the purchasers of such products, their location,
9  the volume/amount of such sales, and the total dollar volume/amount of such
10 sales.
11
12
13 **RESPONSE TO INTERROGATORY NO. 6:**
14 Objections, burdensome, relevance, discovery ongoing. Subject to the objections,
15 Plaintiff responds:
16 Plaintiff produced sales documents showing it sold the 9 products identified in
17 LW0015 – LW0035 and LW0036.
18 Plaintiff is the exclusive distributor and licensee during the relevant period. The asked
19 sales information, volume, names of purchasers, locations, etc. are not relevant to the
20 disputed issues in this case.
21 Also please see sales summary file (SalesSummary2018-2020), designated as
22 Confidential Attorneys Eyes Only, responsive to Request #4 in Defendant's Rule 34
23 Production Request, Set 2.
24 In earlier response and production, Plaintiff disclosed at least some of its customers and
25 sales activities.
26
27
28 **INTERROGATORY NO. 7:**

---

OCM'S RESPONSE TO SPECIAL INTERROGATORIES, SET TWO

11

**027**

Dated: 10/28/2020

/s/Jen-Feng Lee

Jen-Feng (Jeff) Lee

Attorney for Plaintiff

OCM GROUP

# CERTIFICATE OF SERVICE

I hereby certify that, on 10/28/2020, I served the foregoing documents: **PLAINTIFF OCM GROUP USA, INC'S RESPONSE TO DEFENDANT LIN'S WAHA INTERNATIONAL CORP'S SPECIAL INTERROGATORIES [SET TWO]** by EMail, to:

    Mr. Brandon J. Witkow
    Witkow/Baskin
    21031 Ventura Boulevard, Suite 700
    Woodland Hills, CA 91364
    E: bw@witkowlaw.com

I certify under penalty of perjury that the foregoing is true and correct. Executed at City of Industry, California.

Dated: Oct. 28, 2020          /s/ Jen-Feng Lee
                                              Jen-Feng Lee