Brandon J. Witkow (SBN 210443)
bw@witkowlaw.com
Cory A. Baskin (SBN 240517)
cb@witkowlaw.com
witkow | baskin
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
Tel:   818.296.9508
Fax:   818.296.9510
Attorneys for Defendant LIN'S WAHA INTERNATIONAL CORP.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCM GROUP USA INC.,<br><br>                              Plaintiff,<br><br>      vs.<br><br>LIN'S   WAHA   INTERNATIONAL CORP, a New York corporation; and DOES 1-10.<br><br>                              Defendant. | Case No. 2:19:-cv-08917 SB (KSx)<br><br>**DECLARATION OF XIUQING LIN IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S COMPLAINT; OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM FOR MONETARY DAMAGES**<br><br>**Hearing:**<br><br>Date:  March 5, 2021<br>Time:  8:30 a.m.<br>Ctrm: 6C |

## DECLARATION OF XIUQING LIN

I, Xiuqing Lin, declare as follows:

1.     I am the Manager of Lin's Waha International Corp. ("Defendant"), the defendant in the instant action. I make this declaration in support of Defendant's Motion for Summary Judgment (the "Motion") on Plaintiff OCM Group USA, Inc. ("Plaintiff") Complaint [Docket #1].   Based on my responsibilities at and for Defendant and my own involvement in the facts and circumstances described below, I have personal knowledge of the facts set forth herein which I know to be true, except as to the matters that are stated on my information and/or belief, and as to those matters, I believe them to be true.

2.      In my role as the Manager for Defendant, I am principally responsible for business operations for Defendant, including, but not limited to, managing its accounting and finance, purchasing, sales, warehouse and inventory, shipping, legal and human resources functions.  I have been employed by Defendant in this role since May 2016.

3.     Defendant began operations in July 2011 after identifying a need for the importation of genuine Asian food products to the local and family-owned markets serving Asian-American communities in the United States.   The customers of these markets are typically immigrants and second/third generation families from China and other Asian countries, familiar with authentic food brands from their youth and/or while living in these countries that are not being carried by traditional U.S. supermarkets.   As such, I am familiar with the products offered by Defendant, the identities of its customers for such products, and the purchase and sales information for these customers, including the volume purchased and the revenue earned by Defendant for such purchases, as well as Defendant's costs in importing, warehousing, marketing and selling its products.

4.      Currently, Defendant imports approximately 600 genuine food products from China, Malaysia, Taiwan and Thailand-based food manufacturers and distributors.   Defendant also manufactures and sells a limited number of its own Asian-inspired food products.   With respect to the food products that it imports, including the Products at Issue (defined below), Defendant makes no changes to the contents of the food product, its packaging or its labeling (with the exception of adding an English-language nutritional label sticker to the packaging as required by the U.S. Federal Food, Drug and Cosmetic Act ("FDA Act")) as the product is manufactured and sold in the country of origin.

5.      Pursuant to paragraph 13 of the Complaint, and Exhibit 2 to the Complaint, Defendant is alleged to be infringing the following beverage products: (a) XIANGPIAOPIAO Teas: Dasheen [Taro] Milk Tea, Strawberry Milk Tea, Wheat Milk Tea, Original Milk Tea; (b) MECO Teas: Kumquat & Lemon, Thai Lime, Peach & Pink Grapefruit & Milk Tea; and (c) LAN FONG YUEN Milk Tea (together, the "Products at Issue").   Defendant began selling the Products at Issue in the United States in July 2018.

6.      Specifically with respect to the Products at Issue, Defendant makes no changes to the content of the products, nor to its labeling (other than adding an English-language nutritional label).   This is because, as discussed above, the consumers of these products can read Chinese, are familiar with the products, and aware of what they are purchasing.

7.      As can be seen from a comparison of the images shown in Exhibits 1 and 3 (Defendant's Products at Issue) to Exhibits 2 and 4 (Plaintiff's Products at Issue) to Exhibit 3 to the Declaration of Linpan Deng (the manufacturer Products at Issue), Defendant does not alter or change the labeling/packaging of the Products at Issue.   Both Defendant and Plaintiff merely add a nutritional label to the manufacturer's Products at Issue as required by the FDA Act.

DECLARATION OF XIUQING LIN

8.      Defendant currently has approximately 450 customers in the United States spanning 34 states.  The vast majority of Defendant's customers are local, family-owned markets in Asian-American communities who buy relatively small quantities of Defendant's products as needed (i.e. these markets do not have warehouse or storage space to maintain significant inventory).

9.      With respect to Chinese food products (including the Products at Issue), Fujian Lins HengFa International Trade Co., Ltd ("Fujian"), a wholly-owned affiliate company of Defendant, serves as the primary purchaser of various food items in China for export to Defendant in the United States.

10.     Attached hereto as **Exhibit 1** is a true and correct copy of relevant portions of Defendant's Product Catalog, dated January 2018, showing the Products at Issue, and produced during discovery in this matter.  Pages 73-74 of this Catalog are attached as Exhibit 2 to the Complaint.   **Exhibit 1A** are individual snapshots of the Products at Issue as shown on pages 73-74 of Defendants' Catalog.   These snapshots are also referenced in the "Product Comparison Chart" prepared by our counsel, Brandon J. Witkow, and attached to his declaration ("Witkow Decl.") as Exhibit 9 and submitted in support of the Motion.

11.     Attached hereto as **Exhibit 2** is a true and correct copy of relevant portions of Plaintiff's Product Catalog, dated April 2020, showing the Products at Issue, and produced during discovery in this matter.  I obtained this catalog from Plaintiff's website located at www.ocmfoods.com/product.   **Exhibit 2A** are individual snapshots of the Products at Issue as shown on pages 44-46 of Plaintiff's Catalog.   These snapshots are also referenced in the "Product Comparison Chart" prepared by our counsel, and attached to his declaration as Exhibit 9 and submitted in support of the Motion.

12.     In or about March 2018, I took photographs of the Products at Issue obtained from Fujian, maintained in Defendant's office and warehouse, and

DECLARATION OF XIUQING LIN

ultimately sold by Defendant that are at issue in this litigation. Attached hereto as **Exhibit 3** are true and correct copies of the photographs I took of the Products at Issue. These photographs are also referenced in the "Product Comparison Chart" prepared by our counsel, and attached to his declaration as Exhibit 9 submitted in support of the Motion.

13.     On or about December 14, 2020, I visited Sky Foods Market in Flushing, New York to photograph the Products at Issue that were available as sold by Plaintiff, and took several photographs of the Products at Issue, true and correct copies of which are attached hereto as **Exhibit 4**. These photographs are also referenced in the "Product Comparison Chart" prepared by our counsel, and attached to his declaration as Exhibit 9 submitted in support of the Motion.

14.     Attached hereto as **Exhibit 5** is a true and correct copy of an itemized statement of Defendant's sales of the Products at Issue to all of its customers from January 1, 2018 to October 2019, including the date of such sale, the volume of the product sold, and the sales price of the product sold, produced as the documents bates labeled LW0015-LW0035. This document was created by me from Defendant's accounting software, which data I am responsible for entering and for which I believe to be true and accurate. Defendant has never sold the Products at Issue to the four (4) customers identified on the invoices produced by Plaintiff as OCM 0003— 0006 (attached to the Witkow Decl. as Exh. 7). The vast majority of Defendant's sales of the Products at Issue were to customers outside the state of California. Indeed, Defendant sold the Products at Issue to only one (1) customer in Cupertino, California.

15.     In my role as the Manager of Defendant, I am familiar with how Defendant sources the Products at Issue in order to offer them for sale to the customers identified in Exhibit 5. Specifically, Defendant purchases the Products at Issue from Fujian, which is located at Building 43, 2nd floor, Room #223,

**DECLARATION OF XIUQING LIN**

Juyuanzhou lndustrial Park, NO.618 Jinshan Road, Jianxin Town, Cangshan District, Fuzhou City, Fujian Province.  Again, Fujian is a wholly-owned affiliate company of Defendant, and serves as the purchaser of various food items in China for export to Defendant in the United States.

16.    Attached as Exhibit 1 to the Declaration of Linpan Deng are copies of invoices evidencing the purchase of various of the Products at Issue by Fujian from (i) Fuqing Ni Biyun Trade Co., Ltd. ("Fuqing"), and (ii) Guangzhou Futong Trade Co., Ltd. ("Guangzhou").  Fujian, in turn, caused to export the products identified in the invoices to Defendant.

17.    While Defendant was aware that the Products at Issue were being sold by other distributors in the United States, we were unaware of any alleged exclusive distributor agreement between the manufacturers of the Products at Issue and any distributors in the United States.  In addition, it has always been our understanding that our sale of genuine products manufactured by XiangPiaoPiao and Lan Fong Yuen does not violate any trademark rights.  Defendant has never intended to deceive or confuse consumers through the sale of the Products at Issue, and Defendant is unaware of any reports or incidents of consumer confusion given that we are selling genuine products manufactured and sold by XiangPiaoPiao and Lan Fong Yuen.

18.    On or about July 19, 2019, Defendant received a letter from Plaintiff's previous counsel, Sang Dang of Blue Capital Law Firm, PC, requesting that Defendant cease and desist from selling, or offering to sell, the Products at Issue, identified in Exhibit 2 to this letter (which is duplicative of the products identified on Exhibit 2 to the Complaint).   Attached hereto as **Exhibit 6** is a true and correct copy of the July 19, 2019 letter.   In response to this letter, Defendant terminated the purchase of additional Products at Issue from Fujian, and sold off the remainder of the inventory of the Products at Issue, concluding on October 28, 2019.

DECLARATION OF XIUQING LIN

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 26, 2021 at Syosset, New York.

_____
Xiuqing Lin