# Exhibit 1

**Exhibit 1**

**From:** Jeff Lee [mailto:jflee@ltpacificlaw.com]
**Sent:** Thursday, January 21, 2021 11:31 AM
**To:** 'Brandon Witkow'; bwitkow@gmail.com
**Subject:** RE: OCM/Lin's Waha/L.R. 7-3 Meet & Confer

Brandon,

Confirmed that we both complied with the LR 7 -3 obligation before filing respective MSJs.

There is no dispute on OCM's exclusivity.

The real legal contention is whether first sale doctrine trumps the exclusivity (or vice versa, the exclusivity trumps the first sale doctrine).


Let's keep our fingers crossed for the 1/27 mediation.

Best.

Jeff

**From:** Jeff Lee [mailto:jflee@ltpacificlaw.com]
**Sent:** Thursday, January 21, 2021 9:28 AM
**To:** 'Brandon Witkow'; bwitkow@gmail.com
**Subject:** RE: OCM/Lin's Waha/L.R. 7-3 Meet & Confer

Brandon,

11 am works for you?

Jeff

PS. Now I remember the exclusive deal where LW is the supplier. The PanPan mark. I sent a letter to 99 Ranch Market (the largest Chinese Supermarket chain is U.S.) about PanPan mark. The general counsel of 99 Ranch Market told me LW is the supplier of PanPan branded products; 99 Ranch Market has since taken down those PanPan branded products supplied from LW. The letter is include in the CD-ROM served to you.

**From:** Brandon Witkow [mailto:bw@witkowlaw.com]
**Sent:** Thursday, January 21, 2021 7:42 AM
**To:** Jeff Lee
**Cc:** Brandon Witkow
**Subject:** FW: OCM/Lin's Waha/L.R. 7-3 Meet & Confer

> Jeff:
>
>
> Thank you for your email.   Can we connect later this morning to go over these issues?

**From:** Jeff Lee <**jflee@ltpacificlaw.com**>
**Sent:** Wednesday, January 20, 2021 10:28:19 AM
**To:** Brandon Witkow <**bw@witkowlaw.com**>
**Subject:** RE: OCM/Lin's Waha/L.R. 7-3 Meet & Confer

Brandon,

The facts are generally not in dispute.
However, the goods sold by LW are NOT identical. LW sold the branded products destined for Chinese domestic consumption, whereas OCM's products sold in US are made by XPP for overseas consumption (the milk products in the products are different.)

Here is my portion of the LR 7 – 3 meet-and-confer re liability and damages.

1. LW is liable

   An exclusive US distributor of trademarked products can sue for trademark infringement. The first sale doctrine does not bar the action. Ferroro USA v. Ozak Trading, 753 F.Supp. 1240; D.NJ. 1991. US exclusive distributor had standing to sue for unfair competition under Lanham Act. Martins Herand Imports v. Diamond & Gem Trading USA, 112 F.3d 1296; 5th Cir. 1997.

2. Damages will be awarded to OCM

   The fact pattern fits the "but for" test. OCM is the exclusive distributor. OCM is entitled to lost profit damages because it would have made the sales that were made by the infringer. Damages are typically measure by any direct injury that plaintiff can prove, as well as any lost profits that plaintiff would have earned but for infringement, and are guided by tort law principles. Spin Master v. Zobmondo, 944 F.Supp.2d 830; C.D. Cal. 2012). King Instrument Corp v. Otari, 767 F.2d 853, 863; Fed. Cir. 1985. (King Instrument is patent case; the exclusivity issue and but for test are equally applicable for damages assessment.)
   Lanham Act contemplates that a disgorgement or accounting of profits may be appropriate to remedy unfair infringement. Safeway Transit v. Discount Party Bus, 954 F.3d 1171; 8th Cir. 2000 (Citing to Masters v. UHS of Del., 631 F.3d 464; 8th Cir. 2011; permitting plaintiff, subject to the principles of equity, to recover (1) defendant's profits, 92) any damages sustained by the plaintiff, and (3) the costs of the action.

OCM has other exclusive distributorship grants and OCM similarly enforces its exclusivity rights. I produced OCM's other enforcement correspondence (in a CD-ROM, on the way to you via US Mail).
If LW's non-infringing argument makes sense, the "exclusive distributorship" loses its meaning and ALL other recipients of OCM's cease-and-desist letters would NOT comply.
I attach one such warning letter, showing Joanna International Trading's unauthorized sales of XPP products (similar to what LW did). Joanna has complied with OCM's demand. (Interestingly, one of the recipient told me that their supplier of the infringing products is Lin's Waha; I don't remember which one at the moment.)

Trademark infringement is a tort, compensation is part of it. OCM is entitled to damages compensation noted above.

We can set a time to chat later this week, if needed.

Best.

Jeff

**From:** Brandon Witkow [mailto:bw@witkowlaw.com]
**Sent:** Wednesday, January 20, 2021 7:57 AM
**To:** Jeff Lee
**Cc:** Brandon Witkow
**Subject:** OCM/Lin's Waha/L.R. 7-3 Meet & Confer

Jeff:

Although we are set for a continued mediation next week, in light of the upcoming motion deadline, we must preserve our ability to bring a motion for summary judgment on Plaintiff's claims. Accordingly, please consider this Defendant's efforts to meet and confer, pursuant to Local Rule 7-3, in advance of filing the motion, should it be necessary. Please let me know when you are available to discuss this week. The factual and legal bases for the motion are set forth below.

First, Lin's Waha is entitled to judgment as a matter of law on OCM's claim for trademark infringement, as that claim is barred by the First Sale Doctrine, under which a defendant who resells genuine trademarked products is **not liable** for trademark infringement. *See NEC Elecs. v. CAL Circuit Abco*, 810 F.2d 1506, 1509 (9th Cir. 1987). Namely, under the doctrine, "the right of a producer to control distribution of its trademarked product does not extend beyond the first sale of the product." *Summit Tech., Inc. v. High-Line Medical Instruments Co., Inc.* 922 F.Supp. 299, 309 (C.D. Cal. 1996) (citing *Sebastian Int'l, Inc. v. Longs Drug Stores Corp.*, 53 F.3d1073, 1074 (9th Cir. 1995)). While the first sale doctrine is not applicable "when an alleged infringer sells trademarked goods that are **materially different** than those sold by the trademark owner," no such material differences exist here between the products at issue sold by OCM and Lin's Waha. *See Monte Carlo Shirt, Inc. v. Daewoo Intern. (America) Corp.*, 707 F.2d 1054, 1057 (9th Cir. 1983). The goods sold by both parties are identical. They are both goods manufactured and distributed by XianPaioPaio Food Co., Ltd. and Lan Fong Yuen Food Co., Ltd., in China, and neither OCM nor Lin's Waha alters the contents or packaging of the products prior to their sale (with the exception of English-language nutritional stickers required by the FDA Act, which *both* parties apply). Accordingly, the goods sold by Lin's Waha in the United States are "genuine", and Lin's Waha is free to sell them in the United States under the First Sale Doctrine. Because OCM's claim for unfair competition is based on its failed claim for trademark infringement, summary judgement on Count II of the Complaint is warranted as well. *See Conversive, Inc. v. Conversagent, Inc.*, 433 F.Supp.2d 1079, 1093-94 (C.D. Cal. 2006) (granting summary judgment on California common law unfair competition and 17200 claims as federal trademark claim fails); (citing *Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1044 (9th Cir. 1999).

Second, even if the First Sale Doctrine did not bar OCM's claims in their entirety, Lin's Waha would nonetheless be entitled to summary adjudication on OCM's claim for lost profits damages, which are based on *Lin's Waha's* sales, *not* OCM's. (*See e.g.* OCM's Supp. Disclosures & OCM 001). As an alternative to establishing actual damages for trademark infringement, a plaintiff can attempt to recover the defendant's profits. However, in order for the plaintiff to substitute the defendant's profits as a measure of its damages, the plaintiff must establish both that the parties are in **direct competition** and that Plaintiff's suffered actual loss due to Defendants' infringing sales. *Blau v. YMI Jeanswear, Inc.,* 2004 WL 5313967, at *5 (C.D. Cal., Jan. 2, 200), aff'd (9th Cir. 2005) 129 Fed.Appx. 385. OCM has provided no evidence that the parties are in "direct competition." Rather, the only sales invoices produced by OCM reflect that OCM has sold its products in stores in Southern California. (OCM 000-0005). Documents produced by Lin's Waha demonstrate that Lin's Waha has sold products to only *one*

store in *Northern* California. (LW0015-0035). The remainder of Lin's Waha sales are *outside* of California. OCM has provided no evidence supporting sales in any competing geographic markets. Because OCM cannot demonstrate that it was in direct competition with Lin's Waha, any claim for lost profits must fail. *See Lindy Pen Co.*, 982 F.2d at 1408 (noting that only profits "attributable to" a defendant's infringement may be awarded); *Stone Creek Inc. v. Omnia Italian Design Inc.*, 2018 WL 1784689, at *3 (D. Ariz. Apr. 12, (2018); *JIPC Mgmt, Inc. v. Incredible Pizza Co.,* 2009 WL 10671438, at *14 (C.D. Cal. June 24, 2009).

Further, while defendant's profits may also be awarded under a theory of disgorgement, such profits are awarded only upon a showing of willfulness. *Blau, supra.* "Willful infringement carries a connotation of deliberate intent to deceive." *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1405 (9th Cir. 1993), *abrogated on other grounds by SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.,* 839 F.3d 1179 (9th Cir. 2016). "Courts generally apply forceful labels such as 'deliberate,' 'false,' 'misleading,' or 'fraudulent' to conduct that meets this standard." *Id.* In particular, disgorgement is permitted only in those cases where the infringement is "willfully calculated to exploit the advantage of an established mark" or where the defendant is "attempting to gain the value of an established name of another." *Id.* at 1405–06 (citations omitted). OCM has not and cannot produce evidence of any "willfulness" by Lin's Waha, especially in light of the fact that Lin's Waha's sales are legitimate under the first sale doctrine (set forth above), and that, following receipt of the July 2019 demand letter, it is undisputed that Lin's Waha voluntarily stopped selling the products at issue. Courts have routinely granted summary judgment against plaintiff's request for disgorgement when the plaintiff has failed to raise a genuine dispute about willfulness. *See, e.g.*, *Hydramedia Corp. v. Hydra Media Grp., Inc.*, 392 F. App'x 522, 522– 23 (9th Cir. 2010) (finding district court did not err in granting summary judgment as to willfulness and profits where "[d]efendant was not trading off [p]laintiff's name" and "[d]efendant's infringement was not willful"); *Spin Master, Ltd. v. Zobmondo Entm't, LLC*, 944 F.Supp.2d 830, 849 (C.D. Cal. Mar. 7, 2012) ("Plaintiffs have not raised a genuine dispute over willfulness for disgorgement purposes and summary adjudication of this theory is warranted."). Because OCM has no legitimate basis for seeking defendant's profits as damages for any alleged trademark infringement, summary adjudication of such a claim is appropriate.

**Brandon J. Witkow**
_____

witkow|baskin

21031 Ventura Boulevard I Suite 700
Woodland Hills I California I 91364
818.296.9508 office I 818.296.9510 facsimile
**bw@witkowlaw.com** I **witkowlaw.com**

IMPORTANT/CONFIDENTIAL: This message from the law firm of witkow|baskin is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.