Brandon J. Witkow (SBN 210443)
bw@witkowlaw.com
Erin C. Witkow (SBN 216994)
ew@witkowlaw.com
Cory A. Baskin (SBN 240517)
cb@witkowlaw.com
witkow | baskin
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
Tel:   818.296.9508
Fax:   818.296.9510

Attorneys for Defendant
LIN'S WAHA INTERNATIONAL CORP.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCM GROUP USA INC., <br><br> Plaintiff, <br><br> vs. <br><br> LIN'S WAHA INTERNATIONAL CORP, a New York corporation; and DOES 1-10. <br><br> Defendant. | Case No. 2:19-cv-08917 SB (KSx) <br><br> **DEFENDANT LIN'S WAHA INTERNATIONAL CORP.'S NOTICE OF MOTION & MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF** <br><br> [Concurrently filed with Declaration of Brandon J. Witkow & Exhibits in Support Thereof] <br><br> **Hearing:** <br><br> Date:  July 23, 2021 <br> Time:  8:30 a.m. <br> Ctrm:  6C |

**TO PLAINTIFF AND ITS ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that on **July 23, 2021** at 8:30 a.m. or as soon thereafter as the matter may be heard in Courtroom 6C of the United States District Court for the Central District of California, located at 350 W. 1st Street, Courtroom 6C, 6th Floor, Los Angeles, California 90012, Defendant Lin's Waha International Corp. ("Defendant"), will and hereby does move this Court for a grant of their attorneys' fees in the amount of $66,870.00. This Motion is made pursuant to Rule 54 of the Federal Rules of Civil Procedure ("F.R.C.P.") and 15 U.S.C. § 1117, on the grounds that this case is exceptional as defined in Section 1117 and the relevant Ninth Circuit authority.

This motion is made following the conference of counsel under L.R. 7.3, which took place on May 27, 2021 and June 2, 2021.

This motion is based on this Notice of Motion and Motion, and the Memorandum of Points and Authorities, the Declaration of Brandon J. Witkow, together with the exhibits thereto, all filed concurrently herewith, on all pleadings and papers on file in this action and upon such other matters as may be presented to the Court at the time of the hearing.

Dated: June 2, 2021

Respectfully submitted,

witkow | baskin

By: /s/ Brandon J. Witkow
Brandon J. Witkow

*Attorneys for Defendant*
LIN'S WAHA INTERNATIONAL CORP.

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................1

II. BRIEF STATEMENT OF FACTS .....................................................................2
    A. Background Facts and Plaintiff's Complaint.........................................2
    B. Defendant's Successful Motion for Summary Judgment .....................3

III. ATTORNEYS' FEES SHOULD BE AWARDED TO DEFENDANT .........6
    A. Legal Standard .......................................................................................6
    B. The Case Is Exceptional Because Plaintiffs Knew There Were No Material Differences Between the Products At Issue, and Pursued the Claims Nonetheless .................................................................................7
    C. The Fees Incurred By Defendant Are Reasonable.............................12

IV. CONCLUSION ...............................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Amusement Art, LLC v. Life is Beautiful, LLC,*
   2017 WL 2259672 (C.D. Cal. May 23, 2017)...............................................2, 7, 9

*Camacho v. Bridgeport Fin., Inc.,*
   523 F.3d 973 (9th Cir. 2008) .......................................................................12

*Carson v. Billings Police Dep't,*
   470 F.3d 889 (9th Cir. 2006) .......................................................................12

*Delta Forensic Engineering, Inc. v. Delta V. Biomechanics, Inc.,*
   2021 WL 243323 (C.D. Cal., Jan. 22, 2021).................................................11

*Dzinesquare, Inc. v. Armano Luxury Alloys, Inc.,*
   2018 U.S. Dist. LEXIS 178443 (C.D. Cal. April 1, 2015)..............................10

*Elem Indian Colony of Pomo Indians of the Sulphur Bank Rancheria v. Ceiba Legal, LLP,*
   230 F. Supp.3d 1146 (N.D. Cal. 2017).........................................................6

*Gracie v. Gracie,*
   2017 F.3d 1060 (9th Cir. 2000) ...................................................................12

*Gucci Am, Inc. v. Pieta,*
   2006 WL 4725707 (C.D. Cal. July 17, 2006) ................................................6

*Hensley v. Echkerhart,*
   461 U.S. 424 (1983).....................................................................................12

*Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.*
   701 F.3d 1351 (Fed. Cir. 2012) .....................................................................7

*Ingram v. Oroudjian,*
   647 F.3d 925 (9th Cir. 2011) .......................................................................12

*Jordan v. Multnomah County,*
   815 F.2d 1258 (9th Cir. 1987) .....................................................................12

*Kolay flooring Int'l, LLC v. Milliken & Company,*
   2019 WL 3059276 (C.D. Cal. March 6, 2019)...........................................8, 13

*Love v. Assoc. Newspapers, Ltd.*,
    611 F.3d 601 (9th Cir. 2010) ................................................................................ 8

*Nutrivita Labs., Inc. v. VBS Distribution Inc.*,
    160 F. Supp.3d 1184 (C.D. Cal. 2016) .............................................................. 11

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
    572 U.S. 545 (2014) ........................................................................ 6, 7, 9, 10, 11

*Prison Legal News v. Schwarzenegger*,
    608 F.3d 446 (9th Cir. 2010) .............................................................................. 12

*Sazerac Company, Inc. v. Fetzer Vineyards, Inc.*
    2017 WL 6059271 (N.D. Cal. Dec. 7, 2017) ............................................ 7, 10, 11

*Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co., Ltd.*
    668 F.d 677 (9th Cir. 2012) ....................................................................... 8, 9, 10

*Sorenson v. Mink*,
    239 F.3d 1140 (9th Cir. 2001) ........................................................................... 12

*Sunearth, Inc. v. Sun Earth Solar Power Co*,
    839 F.3d 1179 (9th Cir. 2016) ......................................................................... 6, 8

*ThermoLife Int'l, LLC v. Myogenix Corp.*,
    2017 WL 1235766 (S.D. Cal. Apr. 4, 2017) ....................................................... 7

**STATUTES**

15 U.S.C. § 1117(a) .............................................................................................. 6, 12

## I. INTRODUCTION

An award of attorneys' fees on a claim under the Lanham Act is appropriate when the case is "exceptional," and in the Ninth Circuit and this district, a case is "exceptional" when the plaintiff fails to provide the Court with any evidence to support its claims, and instead relies entirely on "bare assertions and conclusory statements." Those are *precisely* the grounds on which this Court granted summary judgment in Defendant Lin's Waha International Corp.'s ("Defendant") favor on Plaintiff OCM Group USA, Inc.'s ("Plaintiff") trademark infringement and unfair competition claims, including finding that Plaintiff:

- Did not dispute the "lion's share of Defendant's facts concerning the infringement claim";
- Failed to "cite any authority or provide any significant analysis";
- Offered "little more than 'bare assertions'";
- Failed to "provide much evidence to satisfy its burden";
- Offered only "conclusory assertions" regarding alleged differences in the products at issue; and
- "Offered little in the way of evidence, authority, or explanation."

To be clear, this is ***not*** a case where Plaintiff put forth evidence and/or law that created "debatable issues" on the issue of whether material differences existed between the products at issue sold by Plaintiff and Defendant such that Defendant could be liable for trademark infringement. Rather, Plaintiff offered absolutely no evidence, despite being put on notice early on in the litigation of Defendant's position, despite having ample opportunity to conduct discovery and/or collect evidence under its own control, and despite meeting and conferring with Defendant on this precise issue. To force Defendant to expend the time and resources to move for summary judgment, knowing that it had no evidence or authority to oppose the motion, is entirely unreasonable and warrants a finding that this case is exceptional. Indeed, as this district court previously held: "[o]f course, not every case where a party loses at summary judgment qualifies

as exceptional. But this case is not one where there was inadequate evidence to create a triable issue **but rather almost no evidence**." *Amusement Art, LLC v. Life is Beautiful, LLC,* 2017 WL 2259672, at *3 (C.D. Cal. May 23, 2017) (emphasis added), *aff'd in part, vacated in part on other grounds, remanded* 768 Fed.Appx. 683 (9th Cir. 2019) (finding attorneys' fees warranted under Lanham Act). Given Plaintiff's total failure to produce any evidence in support of its claims and in opposition to Defendant's summary judgment motion, Defendant respectfully requests that this Court find this case to be "exceptional" and award Defendant its attorneys' fees.

## II.  BRIEF STATEMENT OF FACTS

### A.  Background Facts and Plaintiff's Complaint.

Defendant imports roughly 600 food and beverage products purchased from food manufacturers and distributors in China, Malaysia, Taiwan, and Thailand for distribution and sale in the United States. [Dkt. No. 38, p. 1]. Defendant purchases its Chinese products through an affiliate in China, which then exports these products to Defendant in the United States. [*Id.*] When Defendant receives these products, they are packaged and sealed, and no other alterations are made to any of the contents before Defendant sells them in the United States (other than adding English to the nutrition label as required by federal law). [*Id.,* pp. 1-2].

Plaintiff claims that it is the exclusive distributor of certain brands of Chinese grocery products, including the brands Xiang Piao Piao, Meco, and Lan Fong Yuen, and that these "brands" are the subject of four separate trademark registrations with the United States Patent and Trademark Office issued to Xiang Piao Piao Food Co., Ltd. ("XPP") and Lan Fong Yuen Food Co., Ltd. [*Id.,* p. 2].

Defendant began selling Xiang Piao Piao, Meco, and Lan Fong Yuen branded products in the United States in July 2018, unaware that there was any exclusive distributor agreement for these products in the United States. [*Id.*] Although Defendant's position is that its sales are lawful, after receiving a cease and desist letter from OCM, Defendant stopped selling the products at issue. [*Id.*] Plaintiff initiated

this action on October 16, 2019, asserting one claim for trademark infringement and one claim for unfair competition, predicated on its allegations of trademark infringement. [Dkt. No. 8]. Defendant's last sale of the products took place on October 28, 2019. [*Id.*]

### B. Defendant's Successful Motion for Summary Judgment.

After conducting several rounds of written discovery, Defendant moved for summary judgment on January 28, 2021, arguing that that there was no dispute that the products at issue sold by Defendant are genuine products bearing authentic trademarks, and are manufactured in China by the same entities that manufacture Plaintiff's products bearing the trademarks at issue. [Dkt. No.30 *generally,* Dkt. No. 38, p. 3.] After conducting a hearing on the motion, the Court issued its order granting the Motion on March 5, 2021 [Dkt. No. 38], and issued a Judgment in favor of Defendant on May 21, 2021 [Dkt. No. 44].

In its order, the Court noted that a "gray-market good is 'a foreign-manufactured good, bearing a valid United States trademark, that is imported without the consent of the United States trademark holder." [*Id.*] And while the sale of such goods generally may infringe on the U.S. trademark holder's rights, an exception to the rule is when the foreign-manufactured goods are "genuine," i.e., they do not materially differ from the U.S. trademark owner's product. [*Id.*] Defendant argued that summary judgment was appropriate because there were no "material differences" between the products at issue. [*Id.*]

In ruling on Defendant's summary judgment motion, this Court found that facts offered by Defendant "sufficiently establish a lack of material difference between Plaintiff's and Defendant's products, such that the burden shifts to Plaintiff to show 'specific facts showing that there is a genuine issue for trial.'" [*Id., * p. 4.] The Court further held as follows:

- "Notably, Plaintiff does not dispute the lion's share of Defendant's facts concerning the infringement claim" [*Id.*];

3
**MOTION FOR ATTORNEYS' FEES**

- "Plaintiff does not identify any material difference in the packaging and appearance of the products" [*Id.*];

- "Plaintiff acknowledges 'there is no difference' in the 'tast[e]' of the parties' respective products" [*Id.*];

- "Plaintiff concedes that 'there is no concern [about] the safety and quality of . . . [the] products' sold by Defendant" [*Id.*];

- The sole argument Plaintiff raises to avoid summary judgment is that Defendant's products are "materially different" because they violate U.S. "import entry requirements", but in making this argument, "Plaintiff fails to cite any authority or provide any significant analysis", instead offering "little more than 'bare assertions' . . . ." [*Id.*];

- "Nor does Plaintiff provide much evidence to satisfy its burden, though it is required to present "specific facts showing that there is a genuine issue for trial." [*Id.*, p. 5];

- While Plaintiff provided a declaration indicating that Plaintiff's milk is sourced from New Zealand and Australia and Defendant's milk is sourced from China, "Plaintiff does not provide any authority, evidence, or explanation that the country of origin of the milk-based ingredients is a material consideration for consumers," and "[i]f anything, the declaration suggests otherwise, stating that the difference in the milk product's origin does not raise any concern about 'safety' or 'quality' (Dkt. No. 32-18 ¶ 5), and the taste of the products is the same" [*Id.*];

- "At bottom, Plaintiff's Opposition relies entirely on its position that there is a difference in the products' 'compl[iance] with U.S. import entry requirements. And despite this reliance, Plaintiff provides no legal analysis demonstrating the purported noncompliance. Instead, Plaintiff provides a short declaration from a business manager of a Chinese corporation, who offers a conclusory legal opinion about USDA

- requirements and procedures. Such conclusory assertions, made without proper foundation, are not enough to establish the products' illegality" [*Id.*]; and

- In response to Defendant's motion, "Plaintiff offered briefing that offered little in the way of evidence, authority, or explanation." [*Id.*, p. 7.]

Finding that Plaintiff failed to "provide an opposition with adequate citations to evidence and legal authority," the Court granted Defendant's summary judgment motion on both the trademark infringement claim and the unfair competition claim, which was predicated on the trademark claim, and which – as the Court noted – Plaintiff did not even mention in its opposition to the summary judgment motion. [*Id.*, pp. 7-8.] This Court entered Final Judgment in favor of Defendant on May 21, 2021 [Dkt. No. 44]. Defendant's filing of this motion for attorneys' fees under 15 U.S.C. § 1117(a) is within fourteen (14) days after the Court's entry of Final Judgment in accordance with the requirements of Federal Rule of Civil Procedure 54(d)(2)(B).

During the course of the litigation and before moving for summary judgment, Defendant acted reasonably and with efficiency in its defense of Plaintiff's claims. Defendant did not file a motion to dismiss, instead propounding and responding to written discovery, and then moving for summary judgment – without wasting resources on unnecessary discovery such as depositions or discovery disputes resulting in motion practice. [Declaration of Brandon J. Witkow ("Witkow Decl."), ¶ 3.] Furthermore, Defendant put Plaintiff on notice of its defense in its Joint Report filed in February 2020 [Dkt. No. 15, p. 3; Witkow Decl., ¶ 5], and Defendant provided Plaintiff with evidence demonstrating that Defendant was purchasing genuine products in China as early as March 2020, a fact which and Plaintiff acknowledged back in March 2020. [Witkow Decl., ¶ 5 and Exh. 1.] Despite conceding that Defendant was selling "legitimate" products, Plaintiff continued to pursue this action for another year, asserting the baseless argument – without any legal or factual support – that Defendant was nonetheless precluded from selling legitimate products

in the United States. And at no point in time did Plaintiff provide Defendant or this Court with evidence of any material differences between the products at issue. As explained below, such conduct is objectively unreasonable and warrants a finding that this case is exceptional under the Lanham Act.

### III.  ATTORNEYS' FEES SHOULD BE AWARDED TO DEFENDANT.

####   A.    Legal Standard.

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). A party prevails, *inter alia*, when a court grants summary judgment in that party's favor. *See, e.g.*, *Gucci Am., Inc. v. Pieta*, 2006 WL 4725707, at *1 (C.D. Cal. July 17, 2006) (granting in part motion for attorneys' fees, noting "[t]he Court found that, having prevailed on its summary judgment claims as to Defendant's infringing sale of counterfeit Gucci hats, Plaintiff is entitled to statutory damages as to the hats under the Lanham Act. . . . Additionally, the Court found that, as the prevailing party as to the hats, Plaintiff is entitled to reasonable attorneys' fees under the Lanham Act." (citations omitted)).

The Supreme Court announced a "more relaxed approach" to the exceptional case standard in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014), holding that "an 'exceptional' case is simply one that stands out from others."[1] *Id.*; *see also Sunearth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) ("We [the Ninth Circuit] agree with the majority of our sister

---

[1]   While *Octane Fitness* involved a determination of exceptionality in a patent case, the Ninth Circuit has made clear that the same standard now applies in cases involving Lanham Act claims such as this one. *See Sunearth, Inc. v. Sun Earth Solar Power Co.,* 839 F.3d 1179, 1181 (9th Cir. 2016) (holding that *Octane Fitness* standard applies in fee motions under the Lanham Act); *see also Elem Indian Colony of Pomo Indians of the Sulphur Bank Rancheria v. Ceiba Legal, LLP*, 230 F.Supp.3d 1146, 1150 (N.D. Cal. 2017) ("Although *Octane Fitness* dealt with fee requests under the Patent Act, [the Ninth Circuit] interprets the fee-shifting provisions of the Patent Act and the Lanham Act in tandem because said provisions are 'parallel and identical.' *Octane Fitness* therefore also governs analysis of fee applications under the Lanham Act") (internal citation omitted).

circuits and conclude that *Octane Fitness* and *Highmark* have altered the analysis of fee applications under the Lanham Act") (emphasis added); *Amusement Art,* 2017 WL 2259672, at *3 (referring to *Octane Fitness* as a "more relaxed standard[ ]").

Under this new standard, a case may be "exceptional" or "stand out from others" either "with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) **or** the unreasonable manner in which the case was litigated." *Id.; ThermoLife Int'l, LLC v. Myogenix Corp.*, 2017 WL 1235766, at *3 (S.D. Cal. Apr. 4, 2017) ("Under the new analysis, a case may warrant a fee award if the litigation is brought in subjective bad faith, *or* if the litigation is objectively baseless—both are no longer required") (emphasis in original)*; see also Sazerac Company, Inc. v. Fetzer Vineyards, Inc.,* 2017 WL 6059271, at *3 (N.D. Cal. Dec. 7, 2017), *aff'd* 786 Fed.Appx. 662 (9th Cir. 2019) (rejecting plaintiff's argument that case should only be found "exceptional" after a showing of improper motivation, litigation misconduct, or objective unreasonableness, and holding that "that is no longer the standard for awarding fees"). "No 'precise rule or formula' controls and 'equitable discretion should be exercised.'" *Id.* "District courts should look to the 'totality of the circumstances,' and consider the Supreme Court's 'nonexclusive list of factors, including frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* Once a prevailing party establishes its right to recover fees, the district court must determine whether the amount requested is reasonable. *Id*.

### B. The Case Is Exceptional Because Plaintiffs Knew There Were No Material Differences Between the Products At Issue, and Pursued the Claims Nonetheless.

Plaintiff's trademark infringement claim was objectively unreasonable. As explained in Defendant's summary judgment motion, and as this Court concluded in granting that motion, the law is clear that Defendant ***cannot*** be liable under the

Lanham Act for the sale of "genuine" foreign-manufactured goods or goods that are not "materially different" than those sold by Plaintiff. Plaintiff *admitted* in discovery that the products sold by Defendant were genuine, and Plaintiff failed in discovery to identify evidence of *any differences* between the products at issue (much less material differences). Yet, Plaintiff nonetheless continued to pursue this action. Furthermore, when the parties met and conferred regarding the substance of Defendant's anticipated summary judgment motion, Plaintiff again provided no evidence of any material differences between the products at issue, and forced Defendant to expend the time and resources to move for summary judgment. Even when faced with the motion itself, as this Court repeatedly noted throughout its Summary Judgment Order, Plaintiff provided absolutely no evidence to demonstrate any material differences between the products, and offered nothing more than conclusory and speculative assertions. At no time over the course of this action did Plaintiff provide any competent evidence of any material differences between the products at issue, nor did Plaintiff provide any legal authority to support its claims for trademark infringement or unfair competition. Put simply, Plaintiff made no effort to establish the reasonableness of its claims.

A case can transform from an ordinary one into an exceptional one when "a party pursues a claim where there is an 'utter failure of proof.'" *See Kolay Flooring Int'l, LLC v. Milliken & Company,* 2019 WL 3059276, at *1, *8 (C.D. Cal. March 6, 2019) (finding plaintiff's trademark case to be "exceptional" when plaintiff relied only on "bare assertions and conclusory statements") (citing *Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co., Ltd.* 668 F.3d 677, 688 (9th Cir. 2012) (affirming district court's finding of an exceptional case where the plaintiff "failed to provide the court with any evidence that there were debatable issues of law and fact" and "at best offered either unsupported or conclusory claims"), *abrogated on other grounds by SunEarth,* 839 F.3d at 1181; *see also Love v. Assoc. Newspapers, Ltd.,* 611 F.3d 601, 615-16 (9th Cir. 2010) (affirming "exceptional" case determination where the plaintiff

"presented not one item of evidence substantiating" a critical part of the claim"); *Amusement Art*, 2017 WL 2259672, at *4 (holding that "[o]f course, not every case where a party loses at summary judgment qualifies as exceptional. But this case is not one where there was inadequate evidence to create a triable issue but rather almost no evidence").

For example, in *Secalt,* decided *before* the Ninth Circuit adopted the "more relaxed" standard set forth in *Octane Fitness,* the defendant was granted attorneys' fees after prevailing on summary judgment on its trade dress claim under the Lanham Act. *Id.* at 687. The district court concluded that the plaintiff failed to present evidence sufficient to create a triable issue as to the nonfunctionality of its claimed trade dress. *Id.* In deciding whether the case was exceptional, the Court noted that while the parties had been in discovery for almost two years, the plaintiff:

> . . . failed to 'provide the court with any evidence that there were 'debatable issues of law and fact' with regards to the trade dress.' From its own witnesses, [the plaintiff] at best offered either unsupported or conclusory claims about the design. Fatal to its claim was the testimony of its own witnesses who honestly laid out the functional nature of the design. Lacking was any evidence, like engineering notebooks or testimony from the designers, about design or aesthetics. Even more devastating was the testimony of third-party witnesses called by [the plaintiff] who laid bare the claim of nonfunctionality.

*Id*. at 688. Thus, the Ninth Circuit concluded that the plaintiff's action "appears to be a conscious, albeit misguided, attempt to assert trade dress rights in a non-protectable machine configuration" and it affirmed the district court's finding that the case was exceptional. *Id.* at 689. The Ninth Circuit's holding applies equally here. Despite being put on notice of Defendant's assertion of the first sale doctrine in Defendant's initial disclosures, and despite having ample time to conduct discovery, Plaintiff failed to provide the court with any evidence of "debatable issues of law and fact" with regards to the existence of material differences between the products. And this court repeatedly criticized Defendant's use of "bare" and "conclusory" assertions,

devoid of evidentiary support. Further, as in *Secalt,* the third party testimony offered by Plaintiff actually cut against its claim that alleged differences in the source of a milk ingredient in the products was "material," i.e., as this court concluded: "[i]f anything, the [third party] declaration [offered by Plaintiff] suggests otherwise, stating that the difference in the milk product's origin does not raise any concern about 'safety' or 'quality' (Dkt. No. 32-18, ¶ 5), and the taste of the products is the same" [*Id.*] Thus, as in *Secalt,* this case should be deemed "exceptional."

As another example, in *Dzinesquare, Inc. v. Armano Luxury Alloys, Inc.*, 2015 U.S. Dist. LEXIS 178443 (C.D. Cal. April 1, 2015), the court not only granted summary judgment for the defendant on plaintiff's trade dress claims, finding the plaintiff had failed to offer any evidence that it had protectable trade dress rights, but it also awarded fees, holding: "[Plaintiff's] dearth of evidence to at least create a genuine dispute regarding its claim indicates a very weak litigation position. Based on the profound weakness of [its] litigating position for both trade dress claims, they "stand out from others" and are exceptional under the *Octane Fitness* definition." *Id.* at *11. The *Dzinesquare* Court also awarded fees for the defendant after granting summary judgment on a patent infringement claim holding that "such a weak litigating position is alone sufficient to conclude that [plaintiff's] patent infringement claim 'stands out from others' and is an exceptional case meriting attorneys' fees." *Id.* at *7, 9-12.

The district court's ruling in *Sazerac* is also instructive.  There, the plaintiff actually survived summary judgment (unlike Plaintiff here), but lost on its Lanham Act claim for injunctive relief following a bench trial.  The district court found that while the plaintiff *did* raise "debatable issues" sufficient to defeat summary judgment, plaintiff proceeded with the case, offering **"little to no evidence"** of irreparable harm necessary for injunctive relief, instead relying on conclusory statements.  2017 WL 6059271, at *8-*10 (emphasis added).  The defendant requested attorneys' fees under the Lanham Act based on the lack of evidence and the plaintiff's unreasonable

decision to pursue the case without such evidence. *Id.* at *4 (noting that the defendant was *not* arguing that the plaintiff operated in bad faith or had an improper motivation). The district court agreed, holding that it was "objectively unreasonable" for the plaintiff to proceed with the case without evidence of irreparable harm and finding the case to be "exceptional" for purposes of an attorneys' fee award under *both* prongs of *Octane Fitness:* the substantive strength of the plaintiff's case and its manner of litigation. Here, as in *Sazerac,* Plaintiff not only failed to provide **any evidence** of a critical element of his claims (i.e., evidence of "material differences" between the products) from the outset of the case, but, unlike *Sazerac,* Plaintiff never even raised "debatable issues" sufficient to defeat summary judgment. Thus, both prongs of *Octane Fitness* undoubtedly are satisfied here.

Indeed, this case is a far cry from those trademark cases in which a plaintiff fails on the merits of its case, but nonetheless conducted itself in a reasonable manner. *See e.g., Nutrivita Labs., Inc. v. VBS Distribution Inc.,* 160 F.Supp.3d 1184, 1192 (C.D. Cal. 2016) ("In cases where the Ninth Circuit has affirmed the district court's denial of attorneys' fees based on a finding that [a Lanham Act] case was not exceptional, the key factor appears to be that the plaintiff raised 'debatable issues' and had a legitimate reason for bringing the lawsuit"); *Delta Forensic Engineering, Inc. v. Delta V Biomechanics, Inc*., 2021 WL 243323, at *4 (C.D. Cal., Jan. 22, 2021) (noting that the plaintiff "put forth relevant facts and relied on relevant law," and while the court rejected the plaintiff's argument," "the issue was sufficiently debatable for Plaintiff to raise [it]"). Here, this Court identified no "debatable issues" in its Order granting summary judgment, instead noting the complete lack of evidence and Plaintiff's failure to provide any legal authority and analysis to support its conclusory and bare assertions. Accordingly, Defendant respectfully requests that the Court find this case to be exceptional and award Defendant its reasonable attorneys' fees.

### C. The Fees Incurred By Defendant Are Reasonable.

Once a prevailing party establishes its right to recover fees, the court must determine whether the amount requested is reasonable. *See* 15 U.S.C. § 1117(a); *Hensley v. Eckerhart,* 461 U.S. 424, 437-40 (1983). When awarding fees, the court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended by the reasonable hourly rate. *See Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000). A reasonable hourly rate is determined by considering the "prevailing hourly rate in th[e] community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008); *Carson v. Billings Police Dep't*, 470 F.3d 889, 892 (9th Cir. 2006) ("[T]there is such a thing as a high charger and low charger, and the district judge is supposed to use the prevailing market rate for attorneys of comparable experience, skill and reputation, which may or may not be the rate charged by the individual attorney in question"); *Jordan v. Multnomah County,* 815 F.2d 1258 (9th Cir. 1987) (the prevailing market rate in the community is indicative of the reasonable hourly rate); *Sorenson v. Mink,* 239 F.3d 1140, 1145 (9th Cir. 2001) (a reasonable hourly rate is calculated according to the prevailing market rates in the community in which the court sits). District courts have a "great deal of discretion in determining the reasonableness of the fee," *Prison Legal News v. Schwarzenegger,* 608 F.3d 446, 453 (9th Cir. 2010) (internal citation omitted), and they may "rely[ ] on their own knowledge of customary rates and their experience concerning reasonable and proper fees," *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

In this case, the relevant community is Los Angeles. While the hourly rate for intellectual property attorneys in Los Angeles can be near or more than $1,000 per

hour, here Defendant's attorney's hourly rate was $450.[2] [Witkow Decl., ¶ 4]. Over the course of fifteen months, from the time Plaintiff filed the Complaint through the summary judgment hearing, Defendant's attorney spent a total of 148.6 hours defending the case. [*Id.*, ¶ 6 and Exhs. 2, 3.] Accordingly, the total amount of attorney's fees incurred by Defendant is $66,870. [*Id.*]

The amount of time billed in this action was also reasonable in light of the amount of work performed and the over $82,000 in lost profit damages Plaintiff claimed. Defendant was able to obtain summary judgment without pursuing depositions, and instead efficiently focusing on written discovery and responding to written discovery, while working out all discovery disputes informally. [Witkow Decl., ¶ 3.] Thus, the fees Defendant incurred, and now requests, are reasonable.

Accordingly, Defendant respectfully requests that the Court award Defendant its reasonable attorneys' fees in defending against Plaintiff's unreasonable claims.

## IV.  CONCLUSION

For the reasons set forth above, Defendant respectfully requests that the Court award it attorneys' fees in the amount of $66,870.

Dated: June 2, 2021                    Respectfully submitted,

                                       witkow | baskin

                                       By: */s/ Brandon J. Witkow*
                                       Brandon J. Witkow
                                       Attorneys for Defendant LIN'S WAHA
                                       INTERNATIONAL CORP.

---

[2] *See e.g., Kolay Flooring,* 2019 WL 3059276, at *4 (finding that pre-discount hourly rates from $850 to $1,000 an hour were reasonable in the Los Angeles legal community).

13
**MOTION FOR ATTORNEYS' FEES**