UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:19-cv-08917-SB-KS | Date: | August 2, 2021 |
|---|---|---|---|

| Title: | OCM Group USA Inc. et al v. Lin s Waha International Corp, et al |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER GRANTING MOTION FOR ATTORNEYS' FEES (DKT. NO. 48)

Before the Court is Defendant Lin's Waha International Corp.'s motion for attorneys' fees pursuant to 15 U.S.C. § 1117. Dkt. No. 48 (Mot.); *see* Dkt. Nos. 51 (Opp.), 52 (Reply). Having received summary judgment as to Plaintiff OCM Group USA Inc.'s entire action against it, Defendant contends that it is entitled to attorneys' fees in the amount of $66,870.00.

I.

This trademark case concerned the sale of Chinese beverage products across the country. Plaintiff alleged that it is the exclusive distributor of certain brands of Chinese milk tea beverages, which are the subject of four U.S. trademark registrations issued to Chinese manufacturers. Dkt. No. 1 (Compl.) ¶¶ 10-11. Plaintiff sued Defendant, an importer of food and beverage products, and alleged that Defendant impermissibly "makes, uses, imports, sells and/or offers to sell" the milk tea products. *Id.* ¶ 13. Plaintiff brought claims for trademark infringement and unfair competition. *Id.* ¶¶ 22-31.

Defendant moved this Court for summary judgment on both claims against it. Dkt. No. 30. In particular, Defendant sought summary judgment on the trademark infringement claim because there was "no dispute that the products at issue sold by Defendant are genuine products bearing authentic trademarks, and are manufactured in China by the same entities that manufacture Plaintiff's products bearing the trademarks at issue." *Id.* at 1.

Granting summary judgment, the Court explained that a gray-market good is a foreign-manufactured good bearing a valid U.S. trademark that is imported without consent of the trademark holder. Dkt. No. 38 (MSJ Order) 3. Though the sale of gray-market goods may lead to trademark infringement, there is an exception for "genuine goods," which do not materially differ from the U.S. trademark owner's product. *Id.* The Court found summary judgment to be appropriate because Plaintiff admitted Plaintiff's and Defendant's products were "materially the same in terms of packaging, taste, quality, safety, and seemingly every other important aspect," meaning Defendant's products did not infringe the trademarks protecting Plaintiff's products. *Id.* at 7. The Court also granted summary judgment as to the unfair competition claim because the relevant standards were essentially identical to those of the trademark claim. *Id.* at 7-8.

On May 21, 2021, the Court entered judgment in favor of Defendant, stating "Plaintiff shall take nothing by its Complaint." Dkt. No. 44. On June 2, 2021, Defendant filed a timely motion for attorneys' fees. Dkt. No. 45. Upon receiving a notice of filing deficiencies (for lack of a proposed order), the Court struck the motion on June 9, 2021, Dkt. No. 47, and Defendant refiled a compliant motion the same day, Dkt. No. 48. The Court deems the instant motion timely. *Johnson v. Homecoming Fin.*, No. 09CV1262 L (NLS), 2015 WL 8664283, at *2 (S.D. Cal. Dec. 11, 2015) ("when a motion is rejected for procedural deficiencies, the refiling of the document is deemed filed nunc pro tunc to the date the rejected document was filed").[1]

---

[1] Plaintiff argues that the motion is improper because the parties conducted the L.R. 7-3 meet and confer six (rather than seven) days before the motion was filed. Opp. 2. Even if Plaintiff is correct, it has identified no prejudice from this minor noncompliance, and the Court elects to consider the motion on its merits. *Hibler v. Santander Consumer USA, Inc.*, No. EDCV 13-1354 JGB (OPx), 2013 WL 12137716, at *3 (C.D. Cal. Nov. 21, 2013) ("If a party does not suffer any prejudice as a result of non-compliance with Local Rule 7-3, the Court may still consider the merits of the motions.").

II.

Under the Lanham Act, a prevailing party may recover reasonable attorney fees in "exceptional cases." 15 U.S.C. § 1117(a). "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1180 (9th Cir. 2016) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554, 134 S. Ct. 1749, 1756, 188 L. Ed. 2d 816 (2014)).

There is no "precise rule or formula," and the Court can exercise "equitable discretion" in light of several nonexclusive considerations, such as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* (citations omitted). "Courts may find that a case is 'exceptional' when a party pursues a claim where there is an 'utter failure of proof.'" *Kolay Flooring Int'l, LLC v. Milliken & Co.*, No. 2:18-CV-00640-SVW-KS, 2019 WL 3059276, at *1 (C.D. Cal. Mar. 6, 2019) (citation omitted). Defendant seeks fees under such a theory here, contending that Plaintiff purportedly knew there were no material differences between the products at issues and yet still pursued the claim. Mot. 7-11. In particular, Defendant emphasizes that Plaintiff "offered absolutely no evidence" at summary judgment and argues that "[t]o force Defendant to expend the time and resources to move for summary judgment, knowing that it had no evidence or authority to oppose the motion, is entirely unreasonable and warrants a finding that this case is exceptional." Mot. 1. The Court tends to agree.

In its summary judgment order, the Court highlighted that Plaintiff provided "briefing that offered little in the way of evidence, authority, or explanation." MSJ Order 7. Though the central issue was whether the goods in question materially differ from the trademark owner's product, Plaintiff "identified no differences" in discovery and failed to "identify any material difference" in product packaging, appearance, taste, safety, or quality. MSJ Order 4. And the Court repeatedly emphasized the utter lack of factual support or legal argument supporting Plaintiff's claims. *See, e.g.*, MSJ Order 4 ( "Plaintiff fails to cite any authority or provide any significant analysis" in support of its main argument but "offers little more than 'bare assertions'"), 5 ("Plaintiff does not provide any authority, evidence, or explanation that the country of origin of the milk-based ingredients is a material consideration for consumers"), 7 ("Plaintiff was . . . required to provide

an opposition with adequate citations to evidence and legal authority. Summary judgment is proper because Plaintiff failed to do so."). Though not every case lost at summary judgment is exceptional, this case's near total lack of material evidence or substantive legal authority—coupled with Plaintiff's admission that the products at issue did not materially differ in terms of packaging, taste, quality, and safety—places it well outside the norm. *Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co., Ltd.*, 668 F.3d 677, 688 (9th Cir. 2012) (affirming finding of exceptional case where the plaintiff failed to provide the court "with any evidence" that there were "debatable issues of law and fact" and "at best offered either unsupported or conclusory claims").

Nothing in Plaintiff's opposition persuades the Court to conclude otherwise. To show this case is not "exceptional," Plaintiff brings back several arguments from the summary judgment briefing—e.g., that the products use milk from different countries. Opp. 2-4. But as before, the briefing lacks sufficient authority, evidence, or explanation for the Court to conclude that these positions have any merit, particularly in light of the admission of product similarity in health and safety. Plaintiff also contends its "litigation activities [were] reasonable and proportional to the stake at hand when the likely recovery is the $24K disgorgement of Defendant's profit." Opp. 4. Yet as the Court noted previously, though the amount in controversy was "relatively small," Plaintiff was not excused from providing an opposition to summary judgment with "adequate citations to evidence and legal authority," but still Plaintiff "failed to do so." MSJ Order 7. Plaintiff also notes Defendant made a few, modest settlement offers prior to the Court's summary judgment order. Opp. 5-6; *see* Dkt. No. 51-1 (Lee Decl.). Even assuming the Court can consider these negotiations, the offers do nothing to mitigate against the lack of proof or authority provided at summary judgment.

Thus, the Court considers this case "exceptional" for purposes of the Lanham Act and concludes Defendant is entitled to recover reasonable attorneys' fees.

III.

The Court next determines what amount of fees is reasonable. "To calculate reasonable attorneys' fees in a case brought under the Lanham Act, courts utilize the lodestar method." *Athena Cosms., Inc. v. Timbo Trading Co.*, No. EDCV 20-418 JGB (SPx), 2020 WL 4805470, at *3 (C.D. Cal. June 19, 2020). "The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation)

by a reasonable hourly rate for the region and for the experience of the lawyer." *Yamada v. Nobel Biocare Holding AG*, 825 F.3d 536, 546 (9th Cir. 2016).

      Here, Defendant seeks attorneys' fees in the amount of $66,870. Counsel submits a declaration indicating that 148.6 hours were billed at a rate of $450 per hour. [Dkt. No. 48-1](#) (Witkow Decl.) ¶ 6, Ex. 2. Counsel represents that he has been an attorney since 2000 and was previously a partner specializing in intellectual property at a major national firm for almost a decade. *Id.* ¶ 4. Having reviewed the fairly detailed billing statements and given the Court's knowledge of the case, the 148.6 hours billed appear reasonably expended in the litigation of this case, which ended after discovery and a fully briefed motion for summary judgment. Likewise, the $450 per hour charged is within the bounds of reason for an attorney of similar experience and skill. Thus, the Court finds the requested fees to be reasonable. Significantly, Plaintiff's failure to identify any deficiency in the submitted hours and fees tends to show that requested fees should be granted in large part. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008) ("If opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut."); *see Billion Motors, Inc. v. 5 Star Auto Grp.*, No. 8:19-CV-00945-SVW, 2020 WL 8373396, at *3 (C.D. Cal. Dec. 17, 2020) ("once the prevailing party satisfies its burden of establishing reasonable hourly rates and time entries, opposing parties must identify with particularity the billing entries that are unreasonable").

IV.

      For these reasons, the Court **GRANTS** Defendant's motion for attorneys' fees. Defendant shall be awarded $66,870 in fees.